USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3|3|11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X
                               :

UNITED STATES OF AMERICA

        - v. -

MAURICIO LOPEZ CARDONA,
    a/k/a "William,"
    a/k/a "Yiyo,"

                Defendant.

- - - - - - - - - - - - - - - - - -X

SEALED
<u>INFORMATION</u>

S1 09 Cr. 156 (PGG)

<u>COUNT ONE</u>

The United States Attorney charges:

1.    From at least in or about 1998, up to and including in or about June 2008, in Medellin, Colombia and elsewhere, MAURICIO LOPEZ CARDONA, a/k/a "William," a/k/a "Yiyo," the defendant, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.    It was a part and an object of the conspiracy that MAURICIO LOPEZ CARDONA, a/k/a "William," a/k/a "Yiyo," the defendant, and others known and unknown, would and did import into the United States from a place outside thereof five kilograms and more of a mixture and substance containing a detectable amount of cocaine, in violation of Sections 812, 952(a), and 960(b)(1)(B) of Title 21, United States Code.

3.    It was further a part and an object of the conspiracy that MAURICIO LOPEZ CARDONA, a/k/a "William," a/k/a "Yiyo," the defendant, and others known and unknown, would and did manufacture and distribute a controlled substance, to wit, five kilograms and more of a mixture and substance containing a detectable amount of cocaine, intending and knowing that such substance would be imported into the United States from a place outside thereof, in violation of Sections 959, 960(a)(3) and 960(b)(1)(B) of Title 21, United States Code.

(Title 21, United States Code, Section 963.)

## COUNT TWO

The United States Attorney further charges:

4.    In or about 2003, while engaged in an offense punishable under Sections 960(b)(1)(B) and 963 of Title 21, United States Code, to wit, the narcotics conspiracy charged in Count One of this Information, MAURICIO LOPEZ CARDONA, a/k/a "William," a/k/a "Yiyo," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly killed, and counseled, commanded, induced, procured, and caused the intentional killing of FNU Sanchez in or around Medellin, Colombia.

(Title 21, United States Code, Section 848(e)(1)(A);
and Title 18, United States Code, Section 2.)

2

## COUNT THREE

The United States Attorney further charges:

5.    In or about 2003, while engaged in an offense punishable under Sections 960(b)(1)(B) and 963 of Title 21, United States Code, to wit, the narcotics conspiracy charged in Count One of this Information, MAURICIO LOPEZ CARDONA, a/k/a "William," a/k/a "Yiyo," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly killed, and counseled, commanded, induced, procured, and caused the intentional killing of another individual known as FNU Sanchez in or around Medellin, Colombia.

(Title 21, United States Code, Section 848(e)(1)(A);
and Title 18, United States Code, Section 2.)

## COUNT FOUR

The United States Attorney further charges:

6.    In or about 2006, while engaged in an offense punishable under Sections 960(b)(1)(B) and 963 of Title 21, United States Code, to wit, the narcotics conspiracy charged in Count One of this Information, MAURICIO LOPEZ CARDONA, a/k/a "William," a/k/a "Yiyo," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly killed, and counseled, commanded, induced, procured, and caused the intentional killing of Vicente Castaño in or around Nechí, Colombia.

(Title 21, United States Code, Section 848(e)(1)(A);
and Title 18, United States Code, Section 2.)

## COUNT FIVE

The United States Attorney further charges:

7.  In or about 2006, while engaged in an offense punishable under Sections 960(b)(1)(b) and 963 of Title 21, United States Code, to wit, the narcotics conspiracy charged in Count One of this Information, MAURICIO LOPEZ CARDONA, a/k/a "William," a/k/a "Yiyo," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly killed, and counseled, commanded, induced, procured, and caused the intentional killing of FNU LNU a/k/a "Omega" in or around Medellin, Colombia.

(Title 21, United States Code, Section 848(e)(1)(A); and Title 18, United States Code, Section 2.)

## COUNT SIX

The United States Attorney further charges:

8.  In or about 2007, while engaged in an offense punishable under Sections 960(b)(1)(b) and 963 of Title 21, United States Code, to wit, the narcotics conspiracy charged in Count One of this Information, MAURICIO LOPEZ CARDONA, a/k/a "William," a/k/a "Yiyo," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly killed, and counseled, commanded, induced, procured, and caused the intentional killing of Jefferson Gastanera in or around Medellin, Colombia.

(Title 21, United States Code, Section 848(e)(1)(A);

4

and Title 18, United States Code, Section 2.)

### COUNT SEVEN

The United States Attorney further charges:

9.     From at least in or about 1998, up to and including in or about June 2008, in the Southern District of New York and elsewhere, MAURICIO LOPEZ CARDONA, a/k/a "William," a/k/a "Yiyo," the defendant, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the laws of the United States regarding the administration of justice.

10.     It was a part and an object of the conspiracy that MAURICIO LOPEZ CARDONA, a/k/a "William," a/k/a "Yiyo," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly would and did corruptly obstruct, influence and impede an official proceeding, in violation of Title 18, United States Code, Sections 1512(c)(2), 1512(h) and 1512(k).

### Overt Act

11.     In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in Colombia:

a.     From in or about 1998, up to and including in or about June 2008, MAURICIO LOPEZ CARDONA, a/k/a "William," a/k/a

"Yiyo," the defendant, arranged to pay sums of money to corrupt Colombian law enforcement officials for information about ongoing investigations by the Drug Enforcement Administration and other agencies in or around Medellin, Colombia.

(Title 18, United States Code, Sections 1512(k) and (h).).

## COUNT EIGHT

12.   From at least in or about 2001, up to and including in or about June 2008, in an offense in and affecting interstate and foreign commerce, begun and committed outside of the jurisdiction of any particular State or District of the United States, MAURICIO LOPEZ CARDONA, a/k/a "William," a/k/a "Yiyo," the defendant, who was first brought to and arrested in the Southern District of New York, and others known and unknown, unlawfully and knowingly did combine, conspire, confederate and agree together and with each other to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), to a foreign terrorist organization, to wit, the United Self Defense Forces of Colombia (the "AUC"), which was designated by the United States Secretary of State as a foreign terrorist organization on September 10, 2001, pursuant to Section 219 of the Immigration and Nationality Act; which has remained on the list of designees since that time; whose most recent designation as a foreign terrorist organization was issued

on March 24, 2009, and which is currently designated as such, as of the date of filing of this Information.

13.    It was a part and an object of the conspiracy that MAURICIO LOPEZ CARDONA, a/k/a "William," a/k/a "Yiyo," the defendant, and others known and unknown, would and did provide the AUC with money, weapons, personnel (including himself), and other support and resources, knowing that the AUC had engaged and was engaging in terrorist activity (as defined in section 212(a)(3)(B) of the Immigration and Nationality Act), and knowing that the AUC had engaged and was engaging in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989), in violation of Title 18, United States Code, Section 2339B.

(Title 18, United States Code, Section 2339B(a)(1).)

## FORFEITURE ALLEGATIONS

14.    As a result of committing the controlled substance offense alleged in Counts One through Six of this Information, MAURICIO LOPEZ CARDONA, a/k/a "William," a/k/a "Yiyo," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853 and 970, any and all property constituting and derived from any proceeds that the defendant obtained directly and indirectly as a result of the said violation and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged

in Count One of this Information, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offenses described in Counts One through Six of this Information, including but not limited to the following.

a. At least $700,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offense.

15. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1512, set forth in Count Seven of this Information, MAURICIO LOPEZ CARDONA, a/k/a "William," a/k/a "Yiyo," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

16. The allegation contained in Count Eight of this Information is hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(G), and Title 28, United States Code, Section 2461(c).

17. The violation of Title 18, United States Code, Section 2339B, alleged in Count Eight of this Information, was a Federal crime of terrorism, as defined in 18 U.S.C. §

2332b(g)(5), against the United States, citizens and residents of the United States, and their property.

18. MAURICIO LOPEZ CARDONA, a/k/a "William," a/k/a "Yiyo," the defendant, was an individual engaged in planning and perpetrating a Federal crime of terrorism, as defined in 18 U.S.C. § 2332b(g)(5), against the United States, citizens and residents of the United States, and their property.

19. Upon conviction of the offense in violation of Title 18, United States Code, Section 2339B, alleged in Count Eight of this Information, MAURICIO LOPEZ CARDONA, a/k/a "William," a/k/a "Yiyo," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(G)(i), and Title 28, United States Code, Section 2461(c), all right, title, and interest in all assets, foreign and domestic, derived from, involved in, and used and intended to be used to commit a Federal crime of terrorism, as defined in 18 U.S.C. § 2332b(g)(5), against the United States, citizens and residents of the United States, and their property.

20. Upon conviction of the offenses in violation of Title 18, United States Code, Section 2339B alleged in Count Eight of this Information, MAURICIO LOPEZ CARDONA, a/k/a "William," a/k/a "Yiyo," the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(G)(iv) and Title 28, United States Code, Section

2461(c), all right, title, and interest in all assets, foreign and domestic.

21. Upon conviction of the offense in violation of Title 18, United States Code, Section 2339B, alleged in Count Eight of this Information, MAURICIO LOPEZ CARDONA, a/k/a "William," a/k/a "Yiyo," the defendant, shall pay to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(G), and Title 28, United States Code, Section 2461(c), a money judgment equal to the value of the assets subject to forfeiture under Paragraphs 16 through 20 above.

<u>Substitute Assets Provision</u>

22. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

     a. cannot be located upon the exercise of due diligence;

     b. has been transferred or sold to, or deposited with, a third party;

     c. has been placed beyond the jurisdiction of the court;

     d. has been substantially diminished in value; or

e.    has been commingled with other property

which cannot be divided without

difficulty;

it is the intention of the United States, pursuant to Title 21,

United States Code, Sections 853 and 970, to seek forfeiture of

any other property of the defendant up to the value of the

forfeitable property.

(Title 18, United States Code, Sections 981(a)(1)(c) and
981(a)(1)(G), Title 21, United States Code, Section 853, and
Title 28, United States Code, Section 2461(c).)

*Preet Bharara*

PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

MAURICIO LOPEZ CARDONA,
a/k/a "William,"
a/k/a "Yiyo,"

Defendant.

**SEALED**
**INFORMATION**

21 U.S.C. §§ 848(e)(1)(A), 963;
18 U.S.C. §§ 2, 1512(h), 1512(k),
2339B(a)(1)

PREET BHARARA
United States Attorney.